IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ellis White, | ) | C/A No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| Leon Lott, *in his capacity as Sheriff of the Richland County Sheriff's Department* and Katelyn Jasak. | ) ) ) | **(JURY TRIAL REQUESTED)** |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, complaining of the defendants above-named, would respectfully show unto this Honorable Court:

**PARTIES, JURISDICTION AND VENUE**

1. That Ellis White ("Plaintiff"), a Richland County, South Carolina resident at the time of the incident alleged below, suffered injury in Richland County, South Carolina.

2. That Leon Lott, in his capacity as Sheriff of the Richland County Sheriff's Department ("RCSD"), at all relevant times, was the Sheriff of the Richland County Sheriff's Department of the State of South Carolina and had responsibility for the management and operation of Richland County Sheriff's Department pursuant to the South Carolina Tort Claims Act which makes the employing entity liable for the torts of its employees (S.C. Code § 15-78-70). Plaintiff alleges RCSD is liable for the acts and omissions of Katelyn Jasak during the unlawful arrest, and subsequent confinement of Plaintiff. Plaintiff alleges Jasak was acting within the course and scope of her official duties as an agent/employee of RCSD in relation to this claim. RCSD is sued for actual and compensatory damages under state law.

3. That Jasak was at all relevant times acting under color of state law and in the course and scope of her duties as agents/employees of RCSD. Jasak is sued in her individual capacity for actual, compensatory and punitive damages and attorney's fees under federal law.

1

4. That the RCSD is a political subdivision of the State of South Carolina and/or some other type of entity that is responsible for the actions of its agents and employees and that Jasak was an agent and/or employee of the RCSD and at all times mentioned herein was acting within the scope and course of her employment.

5. Upon information and belief, agents and/or employees of RCSD had the right and/or power to direct and control the manner in which its employees and/or agents executed their duties.

6. The grossly negligent acts, omissions and liability of Defendants includes their agents, principals, employees and/or servants, both directly and vicariously, pursuant to principals of non-delegable duty, corporate liability, apparent authority, agency, ostensible agency, bystander liability, joint and several liability, integral participation theory and/or *respondeat superior*.

7. The Court has jurisdiction over the subject matter of this action pursuant to Article V, § 11 of the South Carolina Constitution and South Carolina Code §15-78-10; venue is proper pursuant to South Carolina Code § 15-7-30. The events which give rise to this litigation occurred in Richland County, South Carolina. Plaintiff further invokes this Court's concurrent jurisdiction to hear claims arising under the Fourth and Fourteenth Amendments of the United States Constitution and brought pursuant to 42 U.S.C. §§ 1983 & 1988 against Duecker and Fairbanks.

8. Defendants are jointly and severally liable for all damages alleged herein since their negligent, grossly negligent, reckless and wanton acts and omissions, singularly or in combination, are the direct and proximate cause of Plaintiff's damage, injuries and losses.

## FACTUAL BACKGROUND

9. The above stated allegations are hereby incorporated as if stated herein.

10. On or about May 12, 2023, upon information and belief, Jasak unlawfully detained Plaintiff and charged and caused the incarceration of Plaintiff for alleged Knowing and Willful Abuse of a Vulnerable Adult.

11. According to the warrant sworn by Jasak dated May 9, 2023, Plaintiff was alleged to have "knowingly and maliciously [thrown] the victim's phone at him with force, striking the victim in the torso." The warrant also states that the "victim is …a vulnerable adult."

2

12. However, on May 1, 2023, prior to the warrant being issued, the Family Court determined that Plaintiff's alleged victim was not a vulnerable adult and entered a written order stating the same on May 3, 2023.

13. On May 12, 2023, Jasak also appeared at Plaintiff's bond hearing and, upon information and belief, indicated that she was working with Adult Protective Services on a care and safety plan for Plaintiff's alleged victim despite the fact the Family Court has already determined that a care and safety plan was not required.

14. Upon information and belief, after learning of the above stated facts, the Richland County Solicitor's Office *nolle prossed* the charge against Plaintiff on July 7, 2023.

15. Despite the lack of probable cause to detain him, Plaintiff was detained and incarcerated for almost two months from May 12, 2023 to July 7, 2023.

16. Plaintiff alleges Defendants acted in a grossly negligent manner in terminating Plaintiff's liberty, and/or in failing to observe or enforce protocols and procedure aimed at preventing wrongful arrests, and wrongful confinement upon which Plaintiff suffered the following injuries and damages:

   a. A violation of his Constitutional rights under the Fourth and Fourteenth Amendment to the United States Constitution and Article 1 of the South Carolina Constitution from unlawful arrest;
   b. Loss of liberty; and
   c. Physical pain and suffering and emotional trauma and suffering.

17. The acts and omissions of Defendants violated the clearly established and well settled Federal and State Constitutional rights of Plaintiff by seizing and confining his person without probable cause.

## FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. § 1983)

18. The above stated allegations are hereby incorporated as if stated herein.

19. On the date of Plaintiff's arrest and at all relevant times, Jasak acted under color of state law where she was employed by RCSD as Richland County Deputy/Corporal taxed with various duties to include the execution of warrants and to arrest of persons pursuant to a proper finding of probable cause.

20. Jasak knew or should have known that Plaintiff's alleged victim was not a vulnerable adult at the time she swore the warrant for Plaintiff's arrest and when she made false statements to the bond court magistrate.

21. Jasak lacked probable cause when she arrested Plaintiff and when she caused his continued detainment and incarceration.

22. Jasak's acts and omissions constituted a seizing and confinement of Plaintiff proximately causing a violation of Plaintiff's Fourth and Fourteenth Amendment rights protecting against such unlawful seizure and loss of liberty.

23. Plaintiff is entitled to an award for actual, compensatory and punitive damages as well as attorney's fees in an amount likely to exceed $25,000.00 pursuant to 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION
(Gross Negligence and Recklessness)

24. The above stated allegations are hereby incorporated as if stated herein.

25. Defendants were under a duty not to unlawfully arrest and/or cause physical harm to the Plaintiff.

26. Defendants were grossly negligent, willful, wanton and reckless in causing injury to Plaintiff by way of Plaintiff's unlawful arrest.

27. Defendants actions were the direct and proximate cause of the injuries and damages suffered by the Plaintiff; said acts being in violation of the laws of the State of South Carolina.

28. As a result of Defendant's gross negligence, willfulness, wantonness and recklessness as noted above, Plaintiff is entitled to an award for actual and compensatory damages.

## THIRD CAUSE OF ACTION
(False Imprisonment)

29. The above stated allegations are hereby incorporated as if stated herein.

30. Defendants falsely imprisoned Plaintiff in that Defendants restrained Plaintiff, the restraint was intentional, and the restraint was unlawful.

31. As a result of the false imprisonment Plaintiff is entitled to an award for actual and compensatory damages.

## FOURTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

32. The above stated allegations are hereby incorporated as if stated herein.

33. Defendants intentionally or recklessly inflicted severe emotional distress or were certain or substantially certain such distress would result from their conduct.

34. The conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

35. Defendants actions caused the Plaintiff emotional distress.

36. The emotional distress suffered by Plaintiff was severe so that no reasonable person could be expected to endure it.

37. As a result of said intentional infliction of emotional distress, Plaintiff is entitled to an award for actual and compensatory damages.

## FIFTH CAUSE OF ACTION

(Defamation/Defamation Per Se)

38. The above stated allegations are hereby incorporated as if stated herein.

39. Defendants made false and defamatory statements concerning Plaintiff.

40. The statements were unprivileged publications to a third party.

41. Defendants were at fault in publishing the statements.

42. Plaintiff is entitled to an award for general damages pursuant to a *per se* analysis and an award for actual and compensatory damages.

## SIXTH CAUSE OF ACTION

(Malicious Prosecution)

43. The above stated allegations are hereby incorporated as if stated herein.

44. Defendants instituted and continued an original criminal proceeding against Plaintiff.

45. The judicial proceeding was at the instance of Defendants.

46. The criminal proceeding was dismissed in Plaintiff's favor.

47. Defendants exhibited malice in instituting such proceedings.

48. There was a lack of probable cause for said proceeding.

49. Plaintiff suffered injury because of said proceeding and entitled to an award for actual and compensatory damages.

## SEVENTH CAUSE OF ACTION
(Negligence *Per Se*)

50. The above stated allegations are hereby incorporated as if stated herein.

51. Defendants had a duty not to violate S.C. Code § 16-3-910 which criminalizes the unlawful seizure of adults within the State of South Carolina.

52. Defendants recklessly and grossly failed in this duty not to unlawfully seize Plaintiff.

53. The essential purpose of S.C. Code § 16-3-910 is to prevent the unlawful seizure of Plaintiff and the naturally occurring harm that follows as stated above.

54. Plaintiff suffered the direct and proximate harm for Defendants failure to not violate S.C. Code § 16-17-722 and S.C. Code § 16-17-725 as stated above.

55. Plaintiff is entitled to an award as against Defendants for actual and compensatory damages.

## EIGHTH CAUSE OF ACTION
(Gross Negligence, Willful and Wanton Negligent Hiring, Retention and Lack of Supervision)

56. The above stated allegations are hereby incorporated as if stated herein.

57. Defendants harmed Plaintiff unlawfully, and without probable cause, arresting, and causing the confinement of the Plaintiff.

58. Defendants acted within the confines of Richland County, State of South Carolina and the jurisdiction of the Richland County Sheriff Department and, further, used the Richland County Sheriff Department's equipment and staff to restrain, transport and confine Plaintiff.

59. Defendant RCSD reasonably knew, or had a reasonable reason to know, of the ability to control Defendant Jasak and that she would likely commit the acts against the Plaintiff or other persons subject to the authority granted them by Defendant as alleged above.

60. Defendant RCSD knew, or should have known, of the necessity and opportunity to control Defendant Jasak.

61. Defendant RCSD departed from the duties of care required by law enforcement officers and the agencies that hire, train and employ these officers and were thereby negligent, careless, grossly negligent, reckless, exhibited a deliberate indifference to public welfare and acted in violation of the duties owed to Plaintiff in that they committed one or more of the following acts of omission or commission, any or all of which were departures from the prevailing duties of care:

    a.    in failing to properly review and/or investigate Jasak prior to hiring her;

    b.    in failing to have in place proper and adequate policies, procedures and protocols for law enforcement officers executing arrests or, if such policies, procedures and protocols were in place, in failing to use due care to enforce them;

    c.    in failing to properly train and educate Jasak;

    d.    in failing to dismiss or relieve Jasak upon learning of her misconduct;.

    e.    in such other particulars as may be ascertained through discovery procedures undertaken pursuant to South Carolina Rules of Civil Procedure.

62. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness and departure from the duties of care owed by Defendants to the Plaintiff, the Plaintiff was unlawfully arrested, restrained, confined and prosecuted such that Plaintiff is entitled to an award of actual and compensatory damages sufficient to compensate her for the injuries complained of above in an amount expected to be in excess of $25,000.00.

## **DAMAGES**

63. The above stated allegations are hereby incorporated as if stated herein.

64. As a result of actions of Defendants as set forth above, Plaintiff has suffered damages to include, but not limited to, deprivation of liberty, loss of enjoyment and quality of life, severe psychological injury and depression, shock, mental anguish, humiliation and other damages as shall be proven at the trial of this case.  Plaintiff is entitled to an award of damages sufficient to compensate him for the injuries complained of in an amount expected to exceed $25,000.00.

**WHEREFORE,** having fully set forth his Complaint, the Plaintiff prays that this Honorable Court inquire into the matters set forth and that:

    1.    A jury trial be granted as now requested;

7

2. The amount of damages sustained by Plaintiff be ascertained and determined by a jury under the direction of this Court;

3. The amount of punitive damages and attorney's fees be ascertained and determined by a jury under the direction of this Court as against Duecker and Fairbanks;

4. An Order be entered in favor of Plaintiff as against Defendants for the amount due as ascertained and determined by jury under the direction of this Court;

5. An Order be entered for such other and further relief as may be just and proper

<u>*s/Elizabeth Dalzell*</u>
Elizabeth Dalzell
Fed I.D. No 7619
1507 Richland Street
Columbia, SC 29201
Phone: (803) 929-0008
Fax: (888) 745-1381
liz@shealeylaw.com
*Attorney for Plaintiff*

Columbia, South Carolina
March 27, 2024