IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ellis White, | C/A No. 3:24-cv-01489-JFA-PJG |
| Plaintiff, | |
| v. | |
| Leon Lott; Katelyn Jasak, | **MEMORANDUM, OPINION, AND ORDER** |
| Defendants. | |

## I.    INTRODUCTION

Plaintiff Ellis White ("Plaintiff") filed this case pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. §§ 15-78-10 *et seq.* In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Subsequently, Defendants Leon Lott and Katelyn Jasak (collectively "Defendants") filed a Motion for Summary Judgment as to all of Plaintiff's claims. (ECF No. 31).

After reviewing the Motion and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Order[1] and Report and Recommendation ("Report"), which opines that Defendants' Motion for Summary Judgment should be granted. (ECF No. 50). The Report sets forth, in detail, the relevant facts and standards of

---

[1]    The Report also addresses and denies Plaintiff's Motion for Sanctions, (ECF No. 43). Neither party has expressed an intent to appeal this decision and accordingly it is not addressed herein.

law on this matter, and this Court incorporates those facts and standards without a full recitation. *Id.*

Plaintiff filed objections to the Report, (ECF No. 55), to which Defendants filed a reply. (ECF No. 56). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73

2

F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at \*1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at \*1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated herein from the Report. (ECF No. 50). However, a brief recitation of the relevant factual background discussed at length in the Report is necessary to address Plaintiff's objections.

In late 2022, Plaintiff moved to Columbia to care for his 67-year-old father, Edward. Plaintiff and Edward resided with each other in an apartment in Richland County. Edward was suffering from atrial fibrillation, chronic obstructive pulmonary disease, and bipolar

disorder. The Richland County Sheriff's Department ("RSCD") was first called to the apartment on April 20, 2023, after receiving reports that Plaintiff was outside screaming profanities. Plaintiff was arrested for a breach of peace due to this encounter. Six days later, RCSD again responded to the apartment, this time for a domestic dispute. When deputies entered the apartment, Edward was on what appeared to be a hospital bed in the living room. Edward told the responding deputy that Plaintiff shoved him against a wall, that Plaintiff would not calm down, and that he wanted Plaintiff to go to jail. Edward further stated that Plaintiff was out of control and that he did not feel safe with him. Thereafter, Plaintiff screamed at Edward to "take [his] fucking phone and get out" and threw Edward's phone at him, hitting him in the torso. Edward stated that he would like to change clothes because he had not changed clothes in several weeks.

The deputies helped Edward gather his things and leave the apartment. Edward appeared weak, out of breath, and relied on a walker. He lost his balance at the bottom of the stairs and had to be physically supported by deputies until seated on his walker. Thereafter, the deputies contacted the Department of Social Services ("DSS") to take Edward into emergency protective custody. About two days later, Defendant Jasak, an RCSD investigator, was assigned to the case. Jasak reviewed the body camera footage from both incidents as well as the incident reports describing the deputies' reasoning for taking Edward into emergency protective custody.[2] The incident report indicated DSS was called

---

[2] *See* S.C. Code Ann. § 43-35-55 (allowing a law enforcement officer to "take a vulnerable adult in a life-threatening situation into protective custody … if there is probable cause to believe that by reason of abuse, neglect, or exploitation there exists an imminent danger to the vulnerable adult's life or physical safety").

based on Plaintiff's behavior at the apartment, including hitting Edward with a phone; Edward's statement that he had not changed clothes in weeks; and Edward's statements that he feared for his life. Based on Jasak's review, she concluded that there was probable cause to arrest Plaintiff for Knowing and Willful Abuse of a Vulnerable Adult. S.C. Code Ann. § 16-3-1050(B)("[A] person who knowingly and willfully abuses a vulnerable adult is guilty of a felony and, upon conviction, must be imprisoned not more than five years.").

On May 3, 2023, unbeknownst to Jasak, a South Carolina family court judge issued an order finding that Edward should be released from DSS protective custody. The judge found that there had been probable cause to take Edward into protective custody but that Edward "is not a vulnerable adult as defined by statute."

On May 9, 2023, Jasak appeared before a county magistrate swearing to the facts gathered in the investigation. The magistrate signed a warrant for Plaintiff's arrest. On May 12, 2023, Jasak served Plaintiff with the arrest warrant. Plaintiff remained in custody until July 7, 2023, when his charge was *nolle prossed* by the Richland County Solicitor.

Plaintiff alleges that Defendants violated his constitutional rights under the Fourth and Fourteenth Amendments. Further, Plaintiff brings state law causes of action for gross negligence and recklessness, false imprisonment, intentional infliction of emotional distress, defamation, malicious prosecution, negligence *per se*, and negligent employment.

The Magistrate Judge recommends that this Court grant Defendants' Motion. (ECF No. 31). In response, Plaintiff enumerated three separate objections. (ECF No. 55).

Defendants address each of Plaintiff's objections in their Reply. (ECF No. 56). The Court addresses each objection herein.

<u>Objection 1</u>

Plaintiff objects to the Report's recommendation that Defendants' Motion be granted as to Plaintiff's § 1983 claims. (ECF No. 55 pp. 5–13). The Report recommends this Court find Defendant Jasak is entitled to qualified immunity and accordingly Defendants' Motion should be granted as to Plaintiff's § 1983 claims. (ECF No. 50, p. 10). In his objections, Plaintiff argues the Report "side steps around the issue of probable cause even though there is sufficient evidence to send that issue to the jury." (ECF No. 55, p. 8). The side-stepping Plaintiff is referring to is the Magistrate Judge's recommendation that Defendant Jasak is entitled to qualified immunity. This is hardly a sidestep. Rather, determining whether Defendant Jasak is entitled to qualified immunity for Plaintiff's § 1983 claims is a necessary determination.

Here, the Undersigned agrees with the Report that Defendant Jasak is entitled to qualified immunity. The Court summarizes portions of the Report's thorough and accurate recitation of the law surrounding qualified immunity here. Qualified immunity shields government officials performing discretionary functions from liability for damages to the extent that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). To resolve a qualified immunity defense, the court must (1) determine whether the facts alleged, taken in the light most favorable to the plaintiff, show that the

6

defendants' conduct violated a constitutional right, and (2) determine whether the right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan,* 555 U.S. 223, 231–32 (2009). "If the right was not clearly established in the specific context of the case—that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted—then the law affords immunity from suit." *Parrish v. Cleveland,* 372 F.3d 294, 301 (4th Cir. 2004) (citations and internal quotation marks omitted).

Plaintiff argues that Defendant Jasak should not be extended qualified immunity because precedent clearly establishes that a law enforcement officer must avail herself of readily available information that would have clarified matters to the point that the criminal charges would have been ruled out as factually unsupportable. Platiniff cites *Goodwin v. Metts,* 885 F.2d 157, 164 (4th Cir. 1989) (declining to extend qualified immunity where the officer was aware of exculpatory facts and acting on mutually inconsistent factual theories and nonetheless permitting prosecution of the defendant to continue); and *Sevigny v. Dicksey,* 846 F.2d 953, 957–58 (4th Cir. 1988) (declining to extend qualified immunity to officer where his misapprehension of the actual facts was not a reasonable one and "did not bother to do what any police officer acting reasonably in the circumstances would have done to clarify the factual situation.").

Here, the Undersigned agrees with the Report that Plaintiff seeks to extrapolate too much from these cases. Plaintiff would contend this precedent allows a conclusion that a reasonable officer would have known and discovered a ruling in a family court matter prior

to seeking the arrest warrant or testifying at the bond hearing for Plaintiff. First, there is no evidence indicating Defendant Jasak was aware of the ruling of the South Carolina family court judge that Edward was not a vulnerable adult as defined by statute. The undisputed evidence shows that Defendant Jasak, after reviewing video evidence, incident reports, and statements made by Edward, proceeded throughout the investigation with the belief that Edward was a vulnerable adult. Further, the evidence indicated that Plaintiff threw a cellphone at Edward and hit him in the torso. It is not clear Defendant Jasak should have been aware she was violating any constitutional right of Plaintiff's by failing to search for the family court judge's ruling prior to seeking the arrest warrant. Especially as it is not clear the family court's finding on the protective custody issue was at all binding on the criminal case sufficient to negate probable cause.

Accordingly, Defendant Jasak is entitled to qualified immunity on Plaintiff's § 1983 claims. Thus, Plaintiff's first objection is overruled.

<u>Objection 2</u>

Plaintiff objects to the Report's recommendation that Defendant Lott is immune from suit in federal court pursuant to the Eleventh Amendment. (ECF No. 55, pp. 13–14). The Report recommends Eleventh Amendment immunity applies because under the SCTCA, the state expressly consents to suit only in South Carolina state courts and does not consent to suit in a federal court. (ECF No. 50, p. 15). In his objections, Plaintiff avers this recommendation is in error because: (1) there is no indication that the State's treasury would be impacted by any judgment in this matter; and (2) Defendants have fully

participated in discovery on this matter and thus have voluntarily appeared and waived Eleventh Amendment immunity. (ECF No. 55, pp. 13–14). Further, Plaintiff alternatively requests this Court sever the state law claims against Defendant Lott and remand them to state court rather than dismissing them without prejudice as recommended. *Id.* at 14. For the below discussed reasons, Plaintiff's second objection is overruled and his request for remand is denied.

First, the Report squarely and accurately addresses persuasive case law in this district that finds the Richland County Sheriff's Department's self-insured liability insurance coverage is irrelevant to a determination regarding Eleventh Amendment immunity. (ECF No. 50, p. 15). The Report cites *English v. Clarke* which addressed an identical argument. No. CV 3:19-2491-JMC-PJG, 2021 WL 4597184, at *4 (D.S.C. June 2, 2021), *report and recommendation adopted*, No. 3:19-CV-02491-JMC, 2021 WL 4398371 (D.S.C. Sept. 27, 2021) ("Although the plaintiffs attempt to distinguish the Richland County Sheriff's Department from this long line of established precedent in South Carolina by pointing out that this department is self-insured, their arguments are unpersuasive."). Plaintiff fails to address this case in his objection and similarly fails to provide any authority that contradicts it. Accordingly, this Court is unpersuaded by Plaintiff's argument that Eleventh Amendment immunity should not be applied to the Richland County Sheriff Department due to its being self-insured as it is not conclusive the state treasury will not be impacted.

9

Second, the Court respectfully disagrees with Plaintiff's position that Defendants have voluntarily appeared in federal court sufficient to waive Eleventh Amendment immunity. (ECF No. 55, p. 14). Plaintiff contends Defendants' full participation in discovery, including the exchange of discovery requests and participation in depositions constitutes voluntarily appearing sufficient to waive Eleventh Amendment immunity. Plaintiff cites *Lapides v. Bd. of Regents of Univ. Sys. of Georgia* to support his argument. 535 U.S. 613, 616 (2002). In *Lapides,* the Supreme Court found that where a state was involuntarily brought into a case in state court, but then voluntarily agreed to remove the case to federal court, Eleventh Amendment immunity was waived. *Id.* However, these facts are not present here. Defendant Lott was sued in federal court. His involvement has been limited to complying with the rules of discovery. This does not give rise to Defendant Lott voluntarily agreeing to the federal court's jurisdiction and Plaintiff cites no authority suggesting otherwise. Therefore, Defendants did not waive Eleventh Amendment immunity.

Accordingly, Plaintiff's second objection is overruled, and the request that this Court sever the state law claims against Defendant Lott and remand them to state court rather than dismissing them without prejudice as recommended is denied.

Objection 3

Plaintiff objects to the Report's recommendation that Defendants' Motion as to Plaintiff's state claim for false arrest/false imprisonment be granted. The Report recommends any state tort claims against Defendant Jasak be dismissed because the

10

SCTCA provides the exclusive remedy for tort claims against employees acting within the scope of their employment and thus cannot be pursued against a state employee individually. (ECF No. 50, p. 16). In his objections, Plaintiff appears to argue both that there is a dispute of material fact over whether Defendant Jasak was acting within the scope of her employment, and if so whether her actions constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude. (ECF No. 55, p. 15).

The SCTCA does not shield employees whose conduct "constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-70(b). Accordingly, to avoid the exclusivity provision of the SCTCA, Plaintiff would need to show that Defendant Jasak was either acting outside the scope of her employment, or that she was acting intentionally, fraudulently, maliciously, or criminally when making statements in the warrant affidavit or at the bond hearing. The Court agrees with the Report that Plaintiff has failed to do this. It is undisputed that Defendant Jasak did not inform the magistrate judge of the family court ruling indicating Edward was not a vulnerable adult prior to obtaining the warrant. Further, it is undisputed Defendant Jasak did not inform the court of the family court ruling regarding Edward's status at the bond hearing. However, there is no evidence to suggest that Defendant Jasak did so acting intentionally, fraudulently, maliciously, or criminally. Therefore, this Court agrees that Defendant Jasak is entitled to summary judgment with respect to any state tort claims against her that would otherwise fall outside the exclusivity provision of the SCTCA, including Plaintiff's claim of false arrest.

11

Accordingly, Plaintiff's third objection is overruled.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 50). Thus, Defendants' Motion for Summary Judgment (ECF No. 31) is granted. Accordingly, Defendant Jasak is entitled to qualified immunity on Plaintiff's § 1983 claims. Further, Defendant Lott has Eleventh Amendment immunity on Plaintiff's state law claims, and these claims are dismissed without prejudice. Finally, any non-SCTCA-based claims against Defendant Jasak are barred because the SCTCA provides the exclusive remedy and Plaintiff has failed to forecast sufficient evidence from which a reasonable jury could find that any of the statutory exceptions to the SCTCA's exclusivity provision applies.

IT IS SO ORDERED.

March 9, 2026                                        Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge

12